IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CAPITOL BEVERAGE COMPANY,**
**Employer Below, Petitioner**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-37**          (JCN: 2019006544)

**ANTHONY COSBY,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Capitol Beverage Company ("CBC") appeals the January 4, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Anthony Cosby filed a timely response.[1] CBC filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Cosby a 2% permanent partial disability ("PPD") award and instead granted Mr. Cosby an additional 6% PPD award for a total 8% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 18, 2018, while employed by CBC as a salesperson, Mr. Cosby fell while getting out of a car. Mr. Cosby filed a workers' compensation claim that was approved for a strain of the left quadricep muscle/fascia/tendon and strain/tear of the left quadricep muscle/fascia/tendon by claim administrator order dated December 27, 2019. The surgery to repair Mr. Cosby's tendon tear was authorized by the claim administrator in a separate order.

Mr. Cosby was seen by David Soulsby, M.D., on March 17, 2021. Mr. Cosby reported pain, numbness, and swelling in the left knee. Mr. Cosby denied any prior injuries to his left knee. Dr. Soulsby found Mr. Cosby to be at maximum medical improvement ("MMI"). Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*"), Dr. Soulsby found the claimant to have

---

[1] CBC is represented by Jeffrey M. Carder, Esq. Mr. Cosby is represented by Patrick K. Maroney, Esq.

1

a total of 4% whole person impairment ("WPI") in the left knee for reduced range of motion. He apportioned 2% of Mr. Cosby's impairment to preexisting left knee osteoarthritis and allocated the remaining 2% WPI to the compensable injury. The claim administrator issued an order dated April 7, 2021, granting a 2% PPD award based upon the report of Dr. Soulsby. Mr. Cosby protested that order.

On March 31, 2022, Mr. Cosby was evaluated by Bruce Guberman, M.D. Dr. Guberman opined that Mr. Cosby was at MMI. Using the *Guides*, Dr. Guberman found that Mr. Cosby had 4% impairment for reduced range of motion, 5% impairment for atrophy of the left thigh, and 3% impairment for atrophy of the left calf. Dr. Guberman noted that impairment for range of motion and atrophy cannot be combined under the *Guides*. Dr. Guberman found Mr. Cosby to have a total of 8% WPI for atrophy related to the compensable injury. Dr. Guberman disagreed with Dr. Soulsby's decision to apportion half of Mr. Cosby's left knee impairment to preexisting degenerative changes. Dr. Guberman noted that Dr. Soulsby's decision to apportion was based solely upon an x-ray dated September 18, 2018. Dr. Guberman also noted that Mr. Cosby had no injury, symptoms, functional limitations, or range of motion abnormalities of the left knee prior to the compensable injury. Additionally, Dr. Guberman noted that Dr. Soulsby had failed to measure the left lower extremity for atrophy.

On January 4, 2023, the Board reversed the claim administrator's order and found that Mr. Cosby had established that he has an 8% WPI based on Dr. Guberman's report. CBC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921, (Ct. App. 2022).

On appeal, CBC argues that although Mr. Cosby's osteoarthritis was asymptomatic prior to his compensable injury, Dr. Soulsby found evidence of osteoarthritis in a physical evaluation after the compensable injury occurred. Therefore, the Board should have allowed for apportionment of impairment for osteoarthritis. We disagree.

This Court recognized in *Duff*:

> The Supreme Court of Appeals of West Virginia has previously recognized that radiographic evidence of degenerative changes alone is not sufficient to allow apportionment for preexisting injury. There must be something more, some evidence of a detrimental effect on work or the activities of daily living. Where such evidence of impairment is lacking, the Court has found that apportionment was not appropriate. *See Galaxy Distributing of WV, Inc. v. Spangler*, No. 19-0803, 2020 WL 6559079 (W. Va. Nov. 6, 2020) (memorandum decision) (unanimous decision) (the Board did not err in finding that apportionment was arbitrary and speculative where preexisting changes to right shoulder did not appear to affect the claimant's work or daily activities); *Minor v. West Virginia Division of Motor Vehicles*, No. 17-0077, 2017 WL 6503113, at *2 (W. Va. Dec. 19, 2017) (memorandum decision) (3-2 decision reversing Board of Review decision apportioning for preexisting condition) ("While the 2004 x-ray may have shown degenerative changes [to the right knee], those changes did not appear to affect Mr. Minor's ability to work or his activities of daily living. Therefore, we agree with the Office of Judges' findings that . . . . apportionment of the impairment rating due to the 2004 x-ray was improper. . . .").

*Duff* at __, 882 S.E.2d at 924.

Here, the Board found that Dr. Soulsby's report was not reliable because he apportioned half of the impairment to Mr. Cosby's preexisting condition based on radiographic evidence alone. The Board further found that Dr. Guberman's report was reliable because he correctly attributed the entirety of Mr. Cosby's left lower extremity impairment to the compensable injury and did not apportion for any preexisting conditions. *See Martin v. Randolph Cnty Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

3

Upon review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was the most reliable as there was no evidence that Mr. Cosby's osteoarthritis caused any detrimental effect on his ability to work or activities of daily living; and apportionment was inappropriate. Further, the Board was not clearly wrong in granting Mr. Cosby an 8% PPD award based on Dr. Guberman's report.

Finding no error in the Board's October 11, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4